1   Stephen McKae (Bar No. 66797)
    Alexandra L. Foote (Bar No. 225695)
2   **WENDEL, ROSEN, BLACK & DEAN LLP**
    1111 Broadway, 24th Floor
3   Oakland, CA  94607-4036
    Telephone:  (510) 834-6600
4   Fax:  (510) 834-1928

5   Attorneys for Defendant,
    CLOVER STORNETTA FARMS, INC.

6

7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                           OAKLAND DIVISION

11

12   GENERAL TRUCK DRIVERS,              Case No.  C08-02463 MEJ
     WAREHOUSEMEN & HELPERS
13   UNION LOCAL NO. 624,                **ANSWER OF DEFENDANT CLOVER
     INTERNATIONAL BROTHERHOOD OF        STORNETTA FARMS, INC. TO
14   TEAMSTERS,                          COMPLAINT TO COMPEL
                                         ARBITRATION**
15                  Plaintiff,

16        vs.

17   CLOVER STORNETTA FARMS, INC.,

18                  Defendant.

19

20

21

22

23

24

25

26

27

28

*ANSWER OF DEFENDANT CLOVER STORNETTA
FARMS, INC. TO COMPLAINT TO COMPEL
ARBITRATION,  Case No. C08-02463 MEJ*

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

In response to the Complaint to Compel Arbitration ("Complaint") filed by plaintiff General Truck Drivers, Warehousemen & Helpers Union Local No. 624 and the International Brotherhood of Teamsters and each of them, ("plaintiff"), defendant Clover Stornetta Farms, Inc. ("Clover-Stornetta"), responds and alleges as follows:

## JURISDICTION

**1.** For the purposes of this litigation as pleaded in the Complaint, Clover-Stornetta concedes that at least portions of plaintiff's claims may fall within the Court's jurisdiction under Section 301(1) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Clover-Stornetta denies each other or different allegation in ¶ 1 of the Complaint and denies that the Complaint states a claim for which relief can be granted.

## VENUE

**2.** Clover-Stornetta does not contest venue in the Northern District of California. Clover-Stornetta denies each other or different allegation in ¶ 2 of the Complaint

## INTRADISTRICT ASSIGNMENT

**3.** Clover-Stornetta admits that assignment of this matter to the San Francisco or Oakland Divisions of this District is appropriate. Clover-Stornetta denies each other or different allegation in ¶ 3 of the Complaint.

## PARTIES

**4.** Clover-Stornetta admits the allegations of ¶ 4 of the Complaint.

**5.** Clover-Stornetta admits that it is engaged in business within the State of California with a place of business located in Petaluma, Sonoma County, California. Clover-Stornetta denies each other or different allegation in ¶ 5 of the Complaint.

**6.** Clover-Stornetta admits that it has been an employer engaged in an industry affecting commerce within the meaning of the Labor Management Relations Act, as amended (29 U.S.C. §152(2)(6) and (7)).

## CLAIM FOR RELIEF

**7.** Clover-Stornetta admits that it entered into a written collective bargaining agreement (the "Agreement") effective for a term of April 1, 2005 through March 31, 2009 and

*ANSWER OF DEFENDANT CLOVER STORNETTA FARMS, INC. TO COMPLAINT TO COMPEL ARBITRATION, Case No. C08-02463 MEJ*

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

1  that the Agreement covers production, distribution, and driver employees employed at the Clover

2  facilities in Sonoma County, California.  Clover-Stornetta denies each other or different

3  allegation in ¶ 7 of the Complaint.

4      **8.**    Clover-Stornetta admits that Section 41 of the Agreement contains an arbitration

5  procedure for the resolution of disputes arising under the Agreement, the content of which speaks

6  for itself.  Clover-Stornetta denies each other or different allegation in ¶ 8 of the Complaint.

7      **9.**    Clover-Stornetta denies the allegations of ¶ 9 of the Complaint.

8      **10.**    Clover-Stornetta admits that Local 624 requested that the parties waive the Board

9  of Adjustment stage of dispute resolution and submit the matter directly to an arbitrator.  Clover-

10  Stornetta avers that it requested scheduling of a Board of Adjustment and Local 624 declined to

11  do so.  Clover-Stornetta further denies each other or different allegation in ¶ 10 of the Complaint.

12      **11.**    By March 29, 2007, the 60 day period of the Agreement had expired for

13  submitting the matter to the Board of Adjustment.  Clover-Stornetta admits that representatives of

14  the parties conducted a meeting on March 29, 2007.  Clover-Stornetta denies each other or

15  different allegation in ¶ 11 of the Complaint.

16      **12.**    Clover-Stornetta admits plaintiff contacted it on November 2, 2007.  Clover-

17  Stornetta avers that it has communicated to Local 624 that Local 624 failed to file a timely

18  grievance or to satisfy the conditions under the Agreement to be entitled to proceed to arbitration

19  and that the Agreement expressly entitles Clover-Stornetta to reject arbitration in those

20  circumstances.  Clover-Stornetta denies each other or different allegation of ¶ 12 of the

21  Complaint.

22      **13.**    Clover-Stornetta denies the allegations of ¶ 13 of the Complaint.

23      **14.**    Clover-Stornetta denies the allegations of ¶ 14 of the Complaint.

24  **AFFIRMATIVE DEFENSES**

25  **FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim for Relief)**

26

27      The Complaint fails to state a claim upon which relief can be granted.

28

1

**SECOND AFFIRMATIVE DEFENSE**
**(Failure to Exhaust Contractual Remedy)**

2

3       Plaintiff's remedy, if any, is solely governed by the Agreement.   Section 42 of the

4    collective bargaining agreement contains the grievance provisions.  That section reads as follows:

5                SECTION 41.  ARBITRATION

6          (a)    It is the desire of both parties to this Agreement that all disputes arising out

7    of the Agreement shall be settled amicably. For this purpose it is hereby agreed that when

8    mutual adjustment in such matters cannot be arrived at by the parties to this Agreement, or

9    their representatives, both parties shall proceed to create a Board of Adjustment for the

10   purpose of submitting to it such matters of difference.

11         (b)    A grievance shall include any difference of opinion or dispute between the

12   Employer and the Union or any employee covered by this Agreement regarding

13   interpretation of this Agreement.

14         (c)    Except as otherwise provided in Section 20 [pertaining to layoff notices], a

15   grievance must be filed in writing with the Employer within thirty (30) days after the

16   known occurrence of the act which resulted in the grievance (except that claims which are

17   strictly money claims must be filed within forty-five (45) days of occurrence).  Failure to

18   file a grievance in writing as provided will relieve the Employer and the Union of all

19   obligations, financial or otherwise, which might otherwise have resulted.

20         (d)    The parties will attempt to resolve the dispute informally, but if they are

21   unable to do so, either party may submit the matter to the Board of Adjustment within

22   sixty (60) days after notice of the grievance is first received by the responding party. This

23   time limit may be extended in an individual case by written agreement of the parties.

24         (e)    The Board of Adjustment shall be composed of two (2) representatives

25   appointed by the Employer and two (2) representatives appointed by the Union. A

26   majority vote of all members of the Board shall be necessary for any action.

27         (f)    In the event of a deadlock by the Board of Adjustment, either party may

28   refer the matter to a neutral arbitrator. Except as the parties may otherwise agree in

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

writing, such a referral will not be timely unless requested in writing within thirty (30) days of the decision deadlocking the Board. If the parties cannot agree on the selection of an arbitrator, a list of five (5) arbitrators shall be obtained at the earliest possible date from the Federal Mediation and Conciliation Service. The parties will toss a coin to decide who shall move first, and they shall then proceed alternatively to strike names from the list until one remains. The last named person shall be selected as the arbitrator. If the person selected is not available to serve, the last name stricken will be the first alternate, and if that person is unavailable to serve, the next to last name stricken will become the second alternate, and so on.

(g)    The decision of the Board or the neutral arbitrator upon the matter submitted to it shall be final and conclusive and binding upon all parties hereto, who agree to abide thereby. Pending final settlement of a dispute in accordance with the provisions of this section there shall be no cessation of, or interference with, work whether by strike, lockout, intentional slowdown or other deliberate curtailment.

(h)    All expenses of the arbitration shall be borne jointly by the Employer and the Union except for those individual expenses which either the Employer or the Union may incur for the purposes of putting on their respective cases.

Pursuant to the Agreement, defendant holds an express right to be relieved of "any obligation, financial or otherwise, which might otherwise have resulted" as a consequence of plaintiff's failure to satisfy the time and procedural requirements of the Agreement for processing a grievance and pursuing arbitration. Plaintiff failed to meet the timeliness requirements of the Agreement for pursuing a grievance to arbitration, did not proceed to a Board of Adjustment as required to invoke the arbitration right, and never sought or obtained a written extension of time. Plaintiff thereby failed to exhaust its contractual remedy and is barred by its own acts or omissions from seeking an order to compel arbitration.

**THIRD AFFIRMATIVE DEFENSE**
**(Failure of Condition Precedent)**

Plaintiff's right to pursue grievances to arbitration is derived solely from the Agreement

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

011063.0001\849515.2

and no other source, and that right is lost upon failure to comply with all conditions precedent of the Agreement. Plaintiff failed to timely file a grievance or to take its grievance to the Board of Adjustment, both conditions precedent to arbitration under the Agreement. Plaintiff is therefore barred by its acts or omissions from seeking an order to compel arbitration under the Agreement.

### FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

By virtue of plaintiff's acts, conduct and omissions, the Complaint is barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE
### (Release)

By virtue of plaintiff's failures to act, plaintiff has released Clover-Stornetta from any contractual duty to arbitrate.

### SIXTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

The relief sought by plaintiff against answering defendant is barred, in whole or in part, by various statutes of limitation, including without limitation the provisions of the Code of Civil Procedure §§335 through 349.4, inclusive.

### SEVENTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's claims for relief are barred by the equitable doctrine of laches, in that plaintiff has unreasonably delayed in bringing suit to defendant's prejudice.

### EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

By virtue of plaintiff's acts and statements, plaintiff has unclean hands and is, therefore, not entitled to arbitrate their grievance in the manner provided for in the Agreement.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

**NINTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

By virtue of plaintiff's acts, conduct and omissions and because answering defendant reasonably relied on acts, conduct and omissions, plaintiff is estopped to assert any claims or causes of action against defendant.

**TENTH AFFIRMATIVE DEFENSE**
**(Exclusive Jurisdiction)**

Elements of plaintiff's claims fall within the exclusive jurisdiction of the National Labor Relations Board and may not be adjudicated by this Court.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Reservation of Rights)**

Defendant reserves the right to include any additional affirmative defenses upon the discovery of facts sufficient to support such defenses.

**PRAYER**

**1.**      That plaintiff take nothing by reason of the Complaint on file herein;

**2.**      That answering defendant be awarded costs of suit and reasonable attorneys' fees incurred in this action; and

**3.**      For such other and further relief as the Court may deem just and proper.

Dated: June 10, 2008                    WENDEL, ROSEN, BLACK & DEAN LLP


                                        By:  _/s/ Alexandra L. Foote_
                                             Alexandra L. Foote
                                             Attorneys for Defendant,
                                             Clover Stornetta Farms, Inc.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036